# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**BRYAN DEAN WOMACK,** )
)
   Petitioner, )
)
v. )  **Case No. CIV 12-399-FHS-KEW**
)
**JUSTIN JONES, DOC Director,** )
)
   Respondent. )

## OPINION AND ORDER

  This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus. Petitioner, an inmate currently incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, challenges his conviction for Lewd Molestation in Love County District Court Case No. CF-2009-103. The respondent alleges the petition is second and successive, and it is barred by the statute of limitations.

  The record shows that petitioner entered a blind plea on March 22, 2010, and was sentenced to 25 years' imprisonment on May 6, 2010. On October 5, 2011, he filed his first habeas corpus petition in the United States District Court for the Western District of Oklahoma, raising three grounds for relief:

  I.  The district court violated petitioner's plea agreement.

  II.  The DNA evidence used in petitioner's prosecution excluded him.

  III.  Ineffective assistance of trial counsel. Trial counsel conspired with the prosecutor to make a false promise for a bogus plea.

  The 2011 habeas petition was transferred to this court on October 20, 2011, and assigned the case number of CIV-11-372-RAW-KEW. On April 5, 2012, the respondent filed a motion to dismiss the petition for failure to exhaust state court remedies. The motion was denied on August 20, 2012, after the respondent advised the court that petitioner's habeas corpus claims had been exhausted. On that same date, the respondent was directed to show cause why the writ should not issue by filing an answer to the petition. The

respondent's response to the petition was filed on September 18, 2012, and petitioner's objection to the response was filed on October 5, 2012. The case is pending.

On August 29, 2012, petitioner filed the present case in the Western District of Oklahoma, and it was transferred to this court on September 24, 2012. Petitioner raises three grounds for relief in this petition, all of which claim he was denied his right to appeal because of his attorney's failure to file an appeal after agreeing to do so:

- A. I am requesting an appeal out of time, since I was denied such by failure of my attorney, after he stated he would file an appeal.

- B. Ineffective assistance of counsel, based on counsel's failure to file an appeal or to obtain a waiver.

- C. My statutory right to a direct appeal was denied.

The respondent asserts the court must determine whether the present 2012 petition is an amendment to the 2011 petition, or whether the 2012 petition is second and successive, requiring its transfer to the Tenth Circuit Court of Appeals or denial by this court.

As a threshold matter, the court must determine whether the 2012 claims relate back under Fed. R. Civ. P. 15(c) to the filing of petitioner's first habeas petition. *See Buchanan v. Lamarque*, 121 Fed. Appx. 303, 2005 WL 103064 (10th Cir. 2005) (unpublished). Subject to certain restrictions, Fed. R. Civ. P. 15 allows a party to amend or supplement a pleading. "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. Rule 15(c)(1)(B). *See also Mayle v. Felix*, 545 U.S. 644 (2005) (holding that an amended petition filed past the one-year limitations period of 28 U.S.C. § 2244(d) does not relate back to the timely filing of a previous habeas petition, unless the amendment relates to the same "conduct, transaction, or occurrence"). *Id.* at 656. "An untimely amendment to a [§ 2254 petition] which, by way of additional facts, clarifies or amplifies a claim or theory in the original [petition] may, in the District Court's discretion, relate back to the date of the original [petition] *if and only if* the original [petition] was timely filed and *the proposed amendment*

2

*does not seek to add a new claim or to insert a new theory into the case. Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001) (quoting *Espinoza-Saenz*, 235 F.3d at 505) (emphasis in original).

Petitioner alleges in this 2012 petition that counsel was ineffective in failing to file an appeal after the plea was entered. While petitioner's 2011 petition has an ineffective assistance of counsel claim concerning his plea, the court finds the 2012 claims are based on a different theory, and the 2012 claims are new claims for purposes of Rule 15(c). The relation-back provision of Rule 15(c) cannot be applied to construe the 2012 petition as an amendment to the 2011 petition. Therefore, this 2012 petition is second and successive, pursuant to 28 U.S.C. § 2244(b).

> When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the circuit court of appeals], the district court may transfer the matter to [the circuit] court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted). It is, however, a waste of judicial resources to require the transfer of a frivolous, time-barred case, *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999), and the respondent alleges this petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). The following dates are pertinent to determining whether the present 2012 petition is timely:

| | |
|---|---|
| 05/05/2010 | Petitioner was sentenced on his plea of guilty. |
| 05/16/2010 | Petitioner's conviction became final, because he did not move to withdraw his plea. |
| 05/17/2010 | Petitioner's statutory year began. |
| 01/25/2011 | Petitioner filed an application for post-conviction relief in the state district court. |
| 05/17/2011 | Petitioner's statutory year expired without tolling. |
| 08/18/2011 | The district court denied petitioner's post-conviction application. |

3

| | |
|---|---|
| 09/07/2011 | The Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief. |
| 10/05/2011 | Petitioner filed his first federal habeas corpus petition. |
| 12/28/2011 | Petitioner's statutory year expired, after tolling for the time spent pursuing post-conviction relief. |
| 02/13/2012 | Petitioner filed his second application for post-conviction relief in the state district court. The district court denied the application, and the Court of Criminal Affirmed the denial on June 14, 2012. |
| 08/29/2012 | Petitioner filed this second federal petition for a writ of habeas corpus. |

Section 2244(d) provides that:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner did not seek to timely withdraw his guilty plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals, so his conviction became final on May 16, 2010, ten days after entry of the Judgment and Sentence. *See* Rule 4.2, *Rules of the Court of Criminal*

*Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051.  His statutory limitations period began on May 17, 2010, and ended on May 17, 2011.  Because petitioner did not initiate his second post-conviction proceedings until February 13, 2012, after expiration of the limitation period, there is no statutory tolling for those proceedings.  *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).  Therefore, the claims in this petition are barred by the statute of limitations.

**ACCORDINGLY,** the respondent's motion to dismiss time petitioner's habeas corpus petition [Docket #14] is GRANTED, and this action is, in all respects, DISMISSED.

IT IS SO ORDERED this 14th day of June, 2013.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma